IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUSTIN D. VANFLEET,

    Plaintiff,
v.                                                               CASE NO. 5:13-cv-00022-SPM-GRJ

N.B. GILO, M.D.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner confined at Avon Park Work Camp, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. The Complaint stems from treatment Plaintiff received for an ear infection in 2006 while he was confined at Gulf C.I. This case is before the Court for screening pursuant to 28 U.S.C § 1915A. For the following reasons, the undersigned recommends that this case be dismissed.

Plaintiff executed the civil rights complaint form under penalty of perjury on January 9, 2013. Doc. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have "initiated other actions in federal court dealing with the same or similar facts/issues" involved in the instant case. Plaintiff responded "No" to this question. *Id*. at 3.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn denial of the existence of other cases, on the same date that Plaintiff executed the instant complaint he executed and submitted for filing a complaint in the Middle District of Florida: *Vanfleet v. Edouard*, Case No. 8:13-cv-127-EAK-TGW, Doc. 1. A review of

that complaint reflects that it also pertains to the medical treatment that Plaintiff received at Avon C.I. for the ear infection which initially occurred at Gulf C.I. The Middle District case plainly deals with the "same facts/issues" as the instant case. Plaintiff executed the two complaint forms on the same day, and clearly knew of the filing of the Middle District case at the time he filed the instant case.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* other cases as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Further, screening of the Complaint pursuant to 42 U.S.C § 1915A reflects that the allegations fail to state a claim upon which relief may be granted. Plaintiff alleges that in October 2006 he went to medical sick call at Gulf C.I. and was treated by Defendant, Dr. N.B. Gilo, M.D., for an ear infection. Dr. Gilo prescribed a pain reliever, ibuprofen, and "Onset Forte" a combined pain reliever/decongestant/antihistamine. Dr. Gilo ordered a culture of the infection, which came back a week later and showed that

Plaintiff had a staph infection. Dr. Gilo then prescribed an antibiotic for Plaintiff. Plaintiff alleges that the infection did not go away, but became worse. Plaintiff presented at sick call again in April 2007. Plaintiff alleges that he asked about seeing an ENT specialist, but was told by Dr. Gilo that he could treat Plaintiff's infection. Plaintiff was transferred to Avon C.I. in July or August 2007, and his treatment continued there. Plaintiff contends that four years later in 2011, following his transfer to Hardee C.I., he was treated by an ENT who ordered surgery and other treatment. Doc. 1 at 5-6.

The only Defendant named in the complaint is Dr. Gilo. Plaintiff contends that Dr. Gilo's "inadequate medical care/medical negligence, deliberate indifference to medical needs" violated Plaintiff's rights and amounted to cruel and unusual punishment and a due process violation under the Eighth and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id*. at 7-9.

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is

more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even if Plaintiff's asserted medical condition – an ear infection – was objectively serious when he was treated by Dr. Gilo in 2006, his factual allegations reflect that Dr. Gilo examined and treated him for the condition on the occasions that Plaintiff alleges he presented to sick call with his complaints. *See* Doc. 1 at 5-6. Plaintiff does not expressly state in his complaint what further steps Dr. Gilo should have taken. In the administrative remedy documents appended to the complaint, Plaintiff states that "due to medical negligence over the period" from 2006 to 2010, he required surgery and sustained hearing loss. He states that his grievance was submitted "for wrongful diagnose [sic] and/or mistreating the symptoms" resulting in damage "which could have been prevented with proper care and treatment by Gulf C.I. and Avon Park C.I. doctors." Doc. 1 at 11. In his administrative remedy appeal, Plaintiff added the additional allegations that "while at Gulf C.I. and Avon Park C.I. doctors provided numerous antibiotics and treatments, they failed to provide proper treatment once the infection was never cured. And sick call was accessed numerous times by me. The infection never went away, only got worse." *Id*. at 14.

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505

(11th Cir.1991); *see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

     Plaintiff's allegations show that Dr. Gilo rendered medical care and treatment for his ear infection. With the benefit of hindsight, Plaintiff now concludes that Dr. Gilo's treatment should have been different. As the foregoing authorities establish, Plaintiff's mere disagreement with his treatment by Dr. Gilo does not create a constitutional claim. Plaintiff's allegations at most express his belief that Dr. Gilo's care was negligent, but to establish deliberate indifference Plaintiff must allege facts showing conduct that was more than negligent. The complaint wholly fails to state a cognizable deliberate-indifference claim. Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief, the Court concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, leave to amend is not warranted in view of Plaintiff's lack of candor in completing the complaint form.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied, and that this case be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C § 1915A, and for abuse of the judicial process. It is further recommended that any pending motions should be terminated and the clerk should be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida this 25th day of February 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**